[Cite as *Brocklehurst v. Paul*, 2012-Ohio-4356.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| GREGG H. BROCKLEHURST | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-19 |
| AMANDA PAUL (DUNCAN) | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Muskingum County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No. DE2005-0772

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      September 21, 2012

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JAMES KRISCHAK                         CHRISTOPHER SHOOK
320 Main Street                        33 West Main Street
Box 190                                Box 4190
Zanesville, OH 43072                   Newark, OH 43058-4190

*Gwin, P.J.*

{¶1} Defendant-appellant Amanda Paul Duncan appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, which terminated the parties' shared-parenting plan and named Plaintiff-appellee Greg Brocklehurst as the residential parent of the parties' two children. Appellant assigns a single error to the trial court:

{¶2} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING A CHANGE OF CIRCUMSTANCES SUFFICIENT TO WARRANT THE TERMINATION OF THE PARTIES' SHARED-PARENTING PLAN."

{¶3} The record indicates in May 2006, the parties entered into a shared-parenting plan which the court adopted. In July 2009, appellee filed a motion to terminate the shared-parenting plan or in the alternative to modify its terms. The matter was heard before a magistrate, who entered an eighteen page decision. The trial court overruled appellant's objections to the magistrate's opinion and this appeal resulted.

{¶4} The magistrate correctly cited *Davis v. Flickinger,* 77 Ohio St. 3d 415, 674 N.E.2d 1159 (1997), as requiring a change in circumstances that is more than slight or inconsequential but rather is substantial. The *Davis* court reminded us the paramount concern must always be the best interest of the children.

{¶5} R.C. 3109.04 (E) provides a court may not modify a shared parenting agreement unless it finds that the change is in the best interest of the children and, if the parents do not agree or consent, that the harm likely to be caused by the change of environment is outweighed by the advantages of the change of environment to the children.

{¶6}  The magistrate found there had been a change in circumstances since the parties entered into their shared parenting decree.  Among the changes the magistrate enumerated was the mother's marriage to a convicted felon and the birth of their child.  The magistrate also found on April 1, 2009, appellant entered a plea of guilty to one count of theft by deception, two counts of forgery, fifth degree felonies, and one first degree misdemeanor count of theft by deception.  She was sentenced to two years community control.

{¶7}  The magistrate found in 2009, appellant and her new husband were involved in an argument in which the new husband shoved appellant to the ground.  She moved out of the home, but returned with the children on June 5, 2009.  On June 9, 2009, appellant and her husband were involved in another altercation in which the husband burned appellant with a cigarette and shoved her against the kitchen counter while choking her.  When appellant informed him she was moving out for good, he threatened to kill her.  Subsequently, the husband punched appellant in the chest with such force that she sought medical treatment at the hospital emergency room.  The magistrate found all three of the minor children were present during the incident on June 9, and were present in the same room when the new husband punched her in the chest.

{¶8}  On June 12, 2009, appellant filed a petition for a domestic violence civil protection order and was granted an ex parte order.  Six days later she dismissed her petition and the court dissolved the ex parte protection order.  At some point, appellant and her husband filed a petition for a dissolution of their marriage, but later dismissed it.

{¶9}  In late June 2009, the Licking County Children's Services filed an action in Juvenile Court alleging the twins and the younger child were dependent.  The court

granted the Children's Services temporary custody of the twins and placed them in appellee's home under the agency's protective supervision.

{¶10} As a result of the June 9, 2009, incident between appellant and her husband, the City of Newark filed a criminal domestic violence charge against him in Municipal Court. The court issued a temporary protection order keeping him away from appellant. The criminal case was subsequently dismissed because appellant failed to appear for the hearing.

{¶11} The magistrate found appellant failed to cooperate with Children's Services with regard to safeguarding her children, and that was the reason they removed the children from her custody. The magistrate found appellant admitted facilitating her husband's violation of the temporary protection order by having contact with him while the order was in effect. The magistrate found appellant continues to communicate several times a week with him. Most recently, appellant obtained a five-year domestic violence civil protection order prohibiting her husband from being within five hundred feet of her or the children. The order does not prohibit communications between the parties.

{¶12} The magistrate found appellant had not instituted any action to terminate the marriage. The magistrate found appellant had repeatedly lied to various medical and legal personnel regarding the altercation on June 9th in order to protect her husband. The magistrate found appellant was not credible when she testified her relationship with her husband was over.

{¶13} The magistrate found all of the above events had occurred after the court entered the shared-parenting decree, and together they constitute a material change in appellant's circumstances and in the children's circumstances.

{¶14} Appellant argues the Supreme Court has held the changed conditions must be substantial, continuing, and have a material adverse effect upon the child. *Davis, supra.* The rationale behind the statute and the case law is to spare children from a "tug of war" between the parents. *Wyss v. Wyss,* 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (10th Dist. 1982). A court should not modify a shared parenting agreement solely because the non-custodial parent can show he or she can provide a better environment for the child. *Id.* The court must find a change in circumstances so substantial that it is in the best interest of the child to make a change.

{¶15} Custody changes are some of the most difficult decisions a court must make and for this reason we accord the trial judge wide latitude in considering the evidence. We may not reverse unless we find the court abused its discretion. *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d. 846 (1988). The Supreme Court has frequently reminded us that the term "abuse of discretion" implies the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Abuse of discretion is a term of art, describing a judgment neither comporting with the record, nor reason. *See, e.g., State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). A decision is unreasonable if there is no reasoning process that would support the decision. *AAAA Enterprises Inc. v. River Place Community Urban Redevelopment,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶16}** Appellant argues her criminal convictions have not had any detrimental impact upon the children, although she concedes they may bear upon her credibility. Appellant asserts a conviction for theft does not create a dangerous environment for the children, nor does it affect the child's development.

**{¶17}** In overruling appellant's objection to the magistrate's finding, the court found appellant did not dispute she was convicted of three felonies and the misdemeanor. The court found her argument that it did not affect the children was legally unsound and not supported by common sense and experience. The court found felonies of any level create legal impediments that interfere with parenting; acts of dishonesty reveal character traits that call into question a parent's fitness to make meaningful decisions. The court found although it could not quantify the impact on the minor children, such an impact nevertheless exists.

**{¶18}** Appellant directs us to *Leonard v. Yenser,* 3d. Dist. No. 10-2003-01, 2003-Ohio-4251, which found although mother had multiple misdemeanor convictions, there was no showing that affected the child.

**{¶19}** Appellee cites us to *Nagel v. Hogue,* 12th Dist. No. CA2007-06-011, 2008-Ohio-3073, in which the Twelfth District found a father's convictions for numerous voyeurism charges constituted a sufficient change in circumstances to permit modification of the shared-parenting plan.

**{¶20}** We find in light of the fact these were felony convictions giving rise to legal impediments which can interfere with appellant's parenting, coupled with the court's determination that felonious acts of dishonesty reveal character traits that call into

question appellant's fitness to make meaningful parenting decisions, we must defer to the trial court's findings.

{¶21} Next, appellant argues she reported the domestic abuse to the police and moved out of the house. She concedes the domestic violence charge was ultimately dismissed, but argues there was no evidence she was at fault. She further points out she did obtain a civil protection order against her husband to keep him away from the children. She concedes she did not sign a safety plan with Children's Services on the advice of an attorney, and this was the reason the agency removed the children.

{¶22} Appellant cites us to *Dunlop v. Dunlop,* 2nd Dist. No. 19313, 2002-Ohio-5828, wherein the court declined to find a change in circumstances because the mother, the victim in an abusive relationship, had terminated the relationship with the abuser and taken steps to prevent further abuse. The *Dunlop* court concluded there was no indication the mother had intentionally subjected herself or children to the abuse.

{¶23} In overruling appellant's objection, the court found marrying a convicted felon was a decision which in and of itself could constitute a change in circumstances. The court found having minor children around felons is a problem. The court rejected appellant's argument there was no evidence to show this had a detrimental effect on the children because the Children Services Agency was concerned enough to remove the children from the home. The court found it cannot be in the best interest of the children to subject the children to the legal process of being forcefully removed from her custody in the presence of deputies. The court also found at least some of the domestic violence between appellant and her husband occurred in the presence of the minor children.

The court concluded this constituted a change in circumstances.  Again, we defer to the trial court's determination and find no abuse of discretion.

**{¶24}** We conclude the trial court did not abuse its discretion or err as a matter of law in determining under the facts and circumstances of this case, there had been a change in circumstances sufficient to terminate the shared-parenting plan and reallocate the parental rights and responsibilities, naming appellee as the sole residential parent of the minor children.

**{¶25}** The assignment of error is overruled.

**{¶26}** For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0814

[Cite as *Brocklehurst v. Paul*, 2012-Ohio-4356.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GREGG H. BROCKLEHURST | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AMANDA PAUL (DUNCAN) | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-19 |

 

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed.  Costs to appellant.

 

_____

HON. W. SCOTT GWIN

 

_____

HON. WILLIAM B. HOFFMAN

 

_____

HON. JULIE A. EDWARDS